**IN THE COURT OF APPEALS OF IOWA**

No. 15-1244
Filed September 23, 2015

**IN THE INTEREST OF R.S.,**
**Minor Child,**

**J.G. and B.J., Intervenors,**
**Appellants.**

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

Two foster parents appeal a district court decision removing a child from their care, and denying their motion to remove the Department of Human Services as the child's guardian. **AFFIRMED.**

Jennifer Olsen, Davenport, for appellant-intervenors.

Thomas J. Miller, Attorney General, Kristi A. Traynor, Assistant Attorney General, Mike Wolf, County Attorney, and Cheryl J. Newport, Assistant County Attorney, for appellee State.

Patricia A. Rolfstad, Davenport, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

The Department of Human Services served as guardian of a seven-year-old child whose parents' rights to the child were terminated. The department placed the child in a pre-adoptive foster home[1] but, in less than three months, removed her based on concerns of harsh discipline. The foster parents intervened and challenged the removal. They (1) argued the department had an obligation to make reasonable efforts to preserve the placement with them and (2) requested removal of the department as guardian.

The district court found no statutory authority requiring the department to make reasonable efforts to preserve the placement. The court also concluded the department's decision to remove the child was not unreasonable and was in the best interests of the child. Accordingly, the court declined to remove the department as guardian. The foster parents appealed.

*(1) Reasonable Efforts*

The foster parents argue the department "had a duty to provide reasonable efforts to preserve [the child] in the placement." They cite Iowa Code sections 232.102(7) and 232.117(6) (2015) in support of their argument. Neither provision imposes this requirement.

Section 232.102(7) states the department "shall make every reasonable effort to return the child *to the child's home* as quickly as possible consistent with the best interests of the child." (Emphasis added.) The balance of the provision—addressing transfers of the child to persons or entities other than the

---

[1] The foster parents did not sign an adoption agreement but expressed a desire to adopt the child. The department initially considered them an appropriate adoptive placement.

parents—makes no mention of a reasonable efforts obligation directed to those persons or entities. Iowa Code § 232.102(7).

Section 232.117(6) simply requires the department to "make every effort to establish a stable placement for the child by adoption or other permanent placement." It says nothing about reasonable efforts to preserve a pre-adoptive foster care placement following removal of the child from the placement. *See In re E.G.*, 745 N.W.2d 741, 744 (Iowa 2007) ("The foster care system is designed to provide temporary, not permanent, homes for children. This is to facilitate the goals of reunification with the parents or placement in a relative's home. . . . [I]f every foster parent who formed a bond with a child were given enforceable rights to the children, it would upset the goals of the system.").

At a hearing on the motions, counsel conceded as much. She stated she did "not have statutory authority . . . in regards to reasonable efforts findings or the requirement for the department to provide [reasonable efforts] to pre-adoptive or foster parents as it relates to a foster child."

We conclude the district court did not err in refusing to require the department to make reasonable efforts to preserve the foster care placement.

### *(2) Removal of Guardian*

The foster parents argue the department acted unreasonably or irresponsibly in discharging its duties and the district court should have removed the agency as guardian.

Iowa Code section 232.118(1) affords the district court removal authority. The provision states:

> Upon application of an interested party or upon the court's own motion, the court having jurisdiction of the child may, after notice to the parties and the hearing, remove the court-appointed guardian and appoint a guardian in accordance with the provisions of section 232.117, subsection 3.

Iowa Code § 232.118(1). Our court has applied various standards to decide whether a guardian should be removed. *See In re D.H.*, No. 10-1313, 2010 WL 4484849, *6-7 (Iowa Ct. App. Nov. 10, 2010). For example, in *In re E.G.*, 745 N.W.2d 741, 744 (Iowa Ct. App. 2007), we noted there was no proof of "*unreasonable* actions on the part of the Department" or evidence the department failed to look out for the child's *best interests.* (Emphasis added.) In an earlier opinion, we stated the department "was *responsibly* discharging its duties as guardian." *In re E.G.*, 738 N.W.2d 653, 657 (Iowa Ct. App. 2007) (emphasis added). On our de novo review, we agree with the district court that the foster parents failed to satisfy these standards.[2]

Less than a month after placing the child in the pre-adoptive foster home, the department learned that this child and others were sent to the basement and were forced to use a treadmill or stand with their knees bent and arms outstretched until their legs hurt, both as forms of discipline. It was also reported the foster children had to sleep in the basement without blankets.

After the treadmill incident was reported, department staff met with the foster parents and brought the allegation to their attention. The foster parents

---

[2] The district court made de novo review much easier by numerically identifying the exhibits offered by the parties and by declining to admit those exhibits that were already in the record. The court's numerical identifications corresponded with the numerical identifications contained in the EDMS trial binder, significantly expediting our search of the record.

agreed to stop this method of discipline. When additional complaints came to light, the child was removed from the foster home.

Later, a corrective action plan was presented to the foster parents. In addition to the forms of discipline cited above, the plan stated the foster father spanked the child with a belt for failing to complete her homework correctly. The foster parents were admonished to avoid the use of corporal discipline, which was prohibited by department regulations.

The parents declined to sign the corrective action plan. Their foster care license was revoked.

There is no question the removal initially traumatized the child, who was beginning to develop a bond with the foster family, notwithstanding her complaints of harsh discipline. But, even with the trauma, the child's therapist opined removal was in the child's best interests. Significantly, the district court found the therapist's testimony credible. We give weight to this credibility finding. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The foster parents also contend the department took no steps to ease the child's move from their home. While the transition could have been smoother, department personnel noted that the child's therapist could not be reached on the Friday of the removal and the department had concerns about leaving the child in the home over the upcoming weekend. Under these circumstances, we conclude the department's action was reasonable, responsible, and in the child's best interests.

We affirm the district court's denial of the foster parents' reasonable efforts request and their motion for removal of the department as guardian.

**AFFIRMED.**